**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TTNA, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 3:16-cv-305 |
| | § | |
| v. | § | |
| | § | |
| | § | JURY TRIAL DEMANDED |
| Baby Dolls Cabaret Ltd., | § | |
| | § | |
| Defendant. | § | |

**<u>COMPLAINT FOR TRADEMARK INFRINGEMENT</u>**

For its Original Complaint for unfair competition, trademark infringement and false advertising arising under the Lanham Act, 15 U.S.C. § 1051, et seq., the common law and the laws of the state of Texas, Plaintiff TTNA, INC. ("TTNA"), by and through its attorneys, avers as follows:

## PRELIMINARY STATEMENT

1.        Plaintiff TTNA, Inc. brings this action against Baby Dolls Cabaret Ltd. ("Defendant") for trademark infringement and false advertising under Title 15 of the United States Code (the "Lanham Act"), and common law trademark infringement and unfair competition. TTNA owns the federally registered service mark "BABY DOLLS" (Registration Nos. 2,735,788 and 2,545,950), the federally registered service mark "BABY DOLLS SALOON" (Registration Nos. 2,735,787 and 2,545,949), and the federally registered service mark "BABY DOLLS TOPLESS SALOON" (Registration Nos. 2,735,786 and 2,548,951). The marks "BABY DOLLS," "BABY DOLLS SALOON," and "BABY DOLLS TOPLESS SALOON" are hereinafter collectively referred to as the "BABY DOLLS MARKS." Copies of these trademark registrations for each of the BABY DOLLS MARKS are attached as Exhibit A. The BABY DOLLS MARKS have been the subject of substantial and widespread promotion for many years and are widely identified as distinguishing the night club and entertainment services that TTNA offers to the public. Defendant operates and/or contributes to the operation of a night club which provides adult performances under the name "Baby Dolls Cabaret" and advertises on Facebook at this link:  https://www.facebook.com/Baby-Dolls-Cabaret-274713006052328/ . Such activities infringe TTNA's trademark rights and constitute false advertising and unfair

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

competition. TTNA seeks injunctive relief against Defendant and further relief as described below.

## THE PARTIES

2.      TTNA is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business located at 10723 Composite Drive, Dallas, Texas 75354.

3.      Upon information and belief, the night club known as "Baby Dolls Cabaret" located at 35 Water St., Fredonia, NY is owned and/or controlled by Defendant Baby Dolls Cabaret Ltd. which is corporation organized and existing under the laws of the State of New York, with an address located at 606 North French Rd., Suite #8, Amherst, New York, 14228 and may be served with process by serving its Chief Executive Officer, Edward L. Davis, at 606 North French Rd., Suite #8, Amherst, New York, 14228.

## JURISDICTION AND VENUE

4.      TTNA's Lanham Act claims for trademark infringement and false advertising arise under federal law, specifically, 15 U.S.C. §§ 1114 and 1125, and this Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338. This Court further has pendant jurisdiction over the state law claims asserted herein because those claims arise in the same common nucleus of operative facts as the federal Lanham Act claims.

5.      Venue is proper in this district and division, pursuant to 28 U.S.C. §1391(b) and (c), in that this is a judicial district in which a substantial portion of Defendant's unlawful acts of unfair competition and trademark infringement occurred and will continue to occur.

## FACTS

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

6.     TTNA and its predecessors in interest have been providing night club and entertainment services since at least as early as September 22, 1988, using the BABY DOLLS MARKS.

7.     TTNA owns two federal service mark registrations for the mark "BABY DOLLS" (Registration Nos. 2,735,788 and 2,545,950), two federal service mark registrations for the mark "BABY DOLLS SALOON" (Registration Nos. 2,735,787 and 2,545,949), and two federal service mark registrations for the mark "BABY DOLLS TOPLESS SALOON" (Registration Nos. 2,735,786 and 2,548,951).  The following summarizes TTNA's federal service mark registrations:

a.     Registration No. 2,545,950 for "BABY DOLLS;" Class 42: Night Club Services; first use in commerce on or before September 22, 1980; registered on the Principal Register on March 12, 2002; Section 15 and Section 8 Affidavits filed June 19, 2012;

b.     Registration No. 2,735,788 for "BABY DOLLS;" Class 41: Entertainment Services, in the nature of adult topless stage revues and performances; first use in commerce on or before September 22, 1980; registered on the Principal Register on July 15, 2003; Section 15 and Section 8 Affidavits filed July 31, 2013;

c.     Registration No. 2,545,949 for "BABY DOLLS SALOON;" Class 42: Night Club Services; first use in commerce on or before September 22, 1980; registered on the Principal Register on March 12, 2002; Section 15 and Section 8 Affidavits filed June 19, 2012;

d.     Registration No. 2,735,787 for "BABY DOLLS SALOON;" Class 41:

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

3

Entertainment Services, in the nature of adult topless stage revues and performances; first use in commerce on or before September 22, 1980; registered on the Principal Register on July 15, 2003; Section 15 and Section 8 Affidavits filed July 31, 2013;

e.      Registration No. 2,548,951 for "BABY DOLLS TOPLESS SALOON;" Class 42: Night Club Services; first use in commerce on or before September 22, 1980;  registered on the Principal Register on March 19, 2002; Section 15 and Section 8 Affidavits filed June 19, 2012; and

f.      Registration No. 2,735,786 for "BABY DOLLS TOPLESS SALOON;" Class 41: Entertainment Services, in the nature of adult topless stage revues and performances; first use in commerce on or before September 22, 1980; registered on the Principal Register on July 15, 2003; Section 15 and Section 8 Affidavits filed July 31, 2013.

8.      Effective July 1, 2010, the BABY DOLLS MARKS and the associated federal trademark registrations, originally registered by D. Burch, Inc., were assigned to TTNA.

9.      Each of the BABY DOLLS MARKS have become incontestable pursuant to 15 U.S.C. § 1065. The registrations of the BABY DOLLS MARKS constitute *prima facie* evidence of validity and conclusive evidence of TTNA's exclusive right to use the BABY DOLLS MARKS in connection with the services identified by the respective trademark registrations. The registrations of the BABY DOLLS MARKS also provide notice to Defendant of TTNA's ownership and exclusive rights in the BABY DOLLS MARKS.

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

10.    On information and belief, Defendant owns and/or controls the building located at 35 Water St., Fredonia, NY at which an establishment named "Baby Dolls Cabaret" is operated as shown in the Facebook page below downloaded on February 2, 2016:



**COMPLAINT FOR TRADEMARK INFRINGEMENT**

The front of the night club itself is shown below in the following photo downloaded from

Facebook on February 2, 2016:



**COMPLAINT FOR TRADEMARK INFRINGEMENT**

This establishment has received poor reviews including this Facebook post from August 9, 2015: "What a waste of $10. There really isn't much else to say. It was remodeled but not too much different than before."  When the search button on www.facebook.com is depressed with the search term "baby dolls" in the search bar, Defendant's premises appeared in between the listings for two of Plaintiff's locations in Dallas and Fort Worth:



**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Baby Dolls Cabaret further announced in the following Facebook posts from January 14, 2016

and January 23, 2016, that it would begin offering for sale clothing items with the "Baby Dolls"

logo:



**Baby Dolls Cabaret** at Baby Dolls Cabaret.
January 23 at 6:30pm · Fredonia, NY ·

It is Saturday and we are popping. We have a full roster of girls tonight. We will be open till 3am. And stay tune for more up coming photos of all our Baby Dolls. Also come check out all our Baby Dolls apparel.



_____



**Baby Dolls Cabaret** added 10 new photos — at Baby Dolls Cabaret.
January 14 at 6:42pm · Fredonia, NY ·

Come check out our new stage. Many more things to come in the future. Stay tuned for Baby Dolls apparel.

Such advertisements of night club and entertainment services are either identical to or

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

substantially similar to the BABY DOLLS MARKS owned by TTNA and creates an impression in the consumer's mind that Baby Dolls Cabaret is affiliated with TTNA.

11.     Consumers are likely to be confused regarding whether the services provided by Baby Dolls Cabaret are endorsed, sponsored, or approved by TTNA, or affiliated with the services provided by TTNA.

12.     TTNA had legitimate concerns that Defendant's advertisement and use of the BABY DOLLS MARKS, in particular the mark "Baby Dolls" in its Facebook advertisements, would cause confusion among the consuming public.  As a result, TTNA, through its counsel, sent correspondence to Defendant on or about August 6, 2015, October 9, 2015 and October 15, 2015 expressing its concerns and demanding that Defendant cease and desist use of the mark "BABY DOLLS".

13.     By advertising and marketing its services and/or contributing thereto using the mark "Baby Dolls," which is identical to a service mark that is federally registered and used by TTNA for its services ("BABY DOLLS") and substantially similar to two other service marks that are federally registered and used by TTNA for its services ("BABY DOLLS SALOON" and "BABY DOLLS TOPLESS SALOON"), Defendant has attempted and/or is attempting to trade on the business success and goodwill of TTNA and its BABY DOLLS MARKS.

14.     By marketing and/or contributing thereto similar night club and entertainment services using the mark "Baby Dolls," which is identical to a service mark that is federally registered and used by TTNA for its services ("BABY DOLLS") and substantially similar to two other service marks that are federally registered and used by TTNA for its services ("BABY

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

DOLLS SALOON" and "BABY DOLLS TOPLESS SALOON"), Defendants are attempting to create an association or affiliation between their services and those of TTNA.

15.     As a result of Defendant's use of the identical service mark and trade name as TTNA's federally registered service mark "BABY DOLLS," TTNA has suffered great and irreparable injury.

16.     TTNA is informed and believes, and based thereon alleges, that Defendant will continue to use the identical mark and trade name, "BABY DOLLS," in connection with competing services, and, as a result, TTNA will continue to suffer great and irreparable injury, unless Defendant is enjoined from doing so.

### Count One
### Lanham Act §32 Trademark Infringement

17.     TTNA repeats and re-alleges the allegations set forth in paragraph 1 through 16 above as if fully set forth herein.

18.     TTNA is informed and believes, and based thereon, alleges that Defendant has willfully infringed, and/or contributed thereto, TTNA's federally registered service marks for "BABY DOLLS" and the other BABY DOLLS MARKS by Defendant's using in interstate commerce the confusingly similar and deceptive trade name, "Baby Dolls," for directly competing services, with Defendant's actual knowledge of TTNA's prior, extensive, and continuous use of its service marks (the BABY DOLLS MARKS) but without the consent of TTNA, in connection with Defendant's commercial establishment, which is likely to cause confusion in and deceive the consuming public as to the affiliation, connection, or association of Defendants with TTNA.

19.     Moreover, TTNA has expended great effort and significant amounts of money in

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

protecting, advertising, promoting, and developing the recognition of the BABY DOLLS

MARKS, with the result being that, long before the acts of Defendant complained of herein, the

public had come to recognize such service mark as a reference to the superior services offered by

TTNA. Such public recognition constitutes goodwill of immense value which belongs

exclusively to TTNA.

   20. TTNA's BABY DOLLS MARKS have acquired recognition within the United

States as signifying nightclub and entertainment services offered by a specific source, such

recognition having been acquired long prior to the conduct of Defendant complained of herein.

   21. Defendant has willfully and intentionally infringed and/or contributed to

infringement of TTNA's trademark rights in violation of Section 32 of the Lanham Act, 15

U.S.C. §1114(1)(a), by various acts, including advertising and displaying the confusingly similar

and deceptive trade name, "Baby Dolls Cabaret"  at its establishment and on the associated

Facebook page.  Defendant's actions are without the permission or authority of TTNA, and are

likely to cause confusion, to cause mistake, and to deceive as to an affiliation, connection, or

association between TTNA and Defendant.

   22. Defendant's above alleged infringement is malicious and oppressive, and

Defendant has willfully and deliberately committed such malicious and oppressive conduct.

As a result, TTNA has suffered great and irreparable harm and is therefore entitled to receive the

maximum damages allowable under the Lanham Act from and against the Defendant.

   23. Defendant will continue to conduct the willful acts of trademark infringement,

and as a result, TTNA will continue to suffer great and irreparable harm, unless Defendant is

enjoined from committing such acts.

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

## Count Two
## Lanham Act §32 False Advertising

24.    TTNA repeats and re-alleges the allegations set forth in the preceding paragraphs

as though fully set forth herein.

25.    Through the actions alleged herein, TTNA is informed and believes, and based

thereon, alleges that Defendant has willfully and intentionally violated §32(1)(b) of the

Lanham Act, 15 U.S.C. §1114(1)(b), by copying or colorably imitating the federally registered

BABY DOLLS MARKS through the use or contributing to such use in commercial advertising

or promotions of the same or confusingly similar trade name, "Baby Dolls." Defendant's actions

are without the permission or authority of TTNA, and are likely to cause confusion, to cause

mistake, and to deceive as to an affiliation, connection, or association between TTNA and

Defendant.

26.    Defendant has been falsely and misleadingly representing to the relevant

consuming public, including TTNA's customers and potential customers, by way of

commercial advertising and otherwise, that the Defendant's commercial establishment is

associated with the mark "BABY DOLLS" and the other BABY DOLLS MARKS when, in fact,

it is not.

27.    Defendant's false and misleading descriptions and representations of facts

regarding the use of the confusingly similar and deceptive trade name, "Baby Dolls," is

likely to influence the consuming public with regard to nightclub and entertainment services.

28.    Defendant's above alleged conduct of unfair competition is malicious and

oppressive, and Defendants have willfully and deliberately committed such malicious and

oppressive conduct.    As a result, TTNA has suffered great and irreparable harm and is therefore

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

entitled to receive the maximum damages allowable under the Lanham Act from and against the Defendant.

29.     Defendant will continue to commit the above alleged willful acts of false advertising, and/or contributing thereto, and as a result, TTNA will continue to suffer great and irreparable harm, unless Defendant is enjoined from committing such acts.

**Count Three**
**Lanham Act §43 False Designation of Origin**

30.     TTNA repeats and re-alleges the allegations set forth in the preceding paragraphs as though fully set forth herein.

31.     TTNA is informed and believes, and based thereon, alleges that Defendant has willfully infringed TTNA's federally registered service marks for "BABY DOLLS" and the other BABY DOLLS MARKS by using in interstate commerce and/or contributing thereto the confusingly similar and deceptively misleading trade name "Baby Dolls" for directly competing services, with Defendant's actual knowledge of TTNA's prior, extensive, and continuous use of its federally registered service marks, but without the consent of TTNA, which is likely to cause confusion in the consuming public as to the affiliation, connection, or association of Defendant with TTNA.

32.     Moreover, TTNA has expended great effort and significant amounts of money in protecting, advertising, promoting, and developing the recognition of the BABY DOLLS MARKS, with the result being that, long before the acts of Defendant complained of herein, the public had come to recognize such service mark as a reference to the superior services offered by TTNA. Such public recognition constitutes goodwill of immense value which belongs exclusively to TTNA.

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

33.     Each of TTNA's BABY DOLLS MARKS, besides being inherently enforceable and distinctive, has acquired recognition within the United States as signifying nightclub and entertainment services offered by a specific source, such recognition having been acquired long prior to the conduct of Defendant complained of herein.

34.     Defendant has willfully and intentionally infringed TTNA's trademark rights and/or contributed thereto in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A), by various acts, including advertising and displaying its confusingly similar and deceptively misleading trade name, "Baby Dolls." TTNA has been damaged by Defendant's actions.  Defendant's actions are without the permission or authority of TTNA, and are likely to cause confusion or mistake as to the origin of Defendant's services and to deceive consumers as to an affiliation, connection, or association between TTNA and Defendant.

35.     Defendant's actions have created a likelihood of confusion among consumers who will falsely believe that Defendant's services are sponsored and/or endorsed by TTNA, when, in fact, they are not.

36.     Defendant's above alleged infringement is malicious and oppressive, and Defendant has willfully and deliberately committed such malicious and oppressive conduct. As a result, TTNA has suffered great and irreparable harm and therefore is entitled to receive the maximum damages allowable under the Lanham Act from and against the Defendant.

37.     Defendant will continue to conduct the alleged willful acts of trademark infringement, and as a result, TTNA will continue to suffer great and irreparable harm, unless Defendant is enjoined from committing such acts.

38.     In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

should be preliminarily and, upon hearing, permanently enjoined from using each of TTNA's

BABY DOLLS MARKS or any confusingly similar variations thereof, alone or with other

words, as a trademark, or otherwise, to market, advertise, or identify Defendant's services.

39.    Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), TTNA is entitled to

recover from Defendant: (i) Defendant's profits, (ii) the damages sustained by TTNA, and (iii)

the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's

conduct, TTNA seeks treble the amount of its actual damages. Due to the exceptional nature of

this case, TTNA seeks its reasonable attorneys' fees.

**Count Four**
**Lanham Act §43 False Description in Advertising**

40.    TTNA repeats and re-alleges the allegations set forth in the preceding paragraphs

as though fully set forth herein.

41.    Through the actions alleged herein, TTNA is informed and believes, and based

thereon, alleges that Defendant has willfully and intentionally violated §43(a)(1)(B) of the

Lanham Act, 15 U.S.C. §1125(a)(1)(B), by using in commercial advertising or promotions,

and/or contributing thereto, the confusingly similar and deceptively misleading trade name,

"Baby Dolls," to misrepresent the nature, characteristics, and qualities of its services or

commercial activities.

42.    Defendant has been falsely and misleadingly representing to the relevant

consuming public, including TTNA's customers and potential customers, by way of

commercial advertising and otherwise, that the Defendant's commercial establishment is

associated with the mark "BABY DOLLS" and the other BABY DOLLS MARKS when, in fact,

it is not.

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

15

43.     Defendant's false and misleading descriptions and representations of facts regarding the use of the confusingly similar and deceptive trade name, "Baby Dolls," is likely to influence the consuming public with regard to the use of night club and entertainment services.  Further, the BABY DOLLS MARKS are famous, and Defendant's above alleged conduct constitutes dilution by blurring and dilution by tarnishment pursuant to 15 U.S.C. § 1125(c)(1).

44.     Defendant's above alleged conduct of unfair competition is malicious and oppressive, and Defendant has willfully and deliberately committed such malicious and oppressive conduct.  As a result, TTNA has suffered great and irreparable harm and is therefore entitled to receive the maximum damages allowable under the Lanham Act from and against the Defendant.

45.     Defendant will continue to commit the above alleged willful acts of false advertising, and as a result, TTNA will continue to suffer great and irreparable harm, unless Defendants are enjoined from committing such acts.

## APPLICATION FOR PRELIMINARY
## AND PERMANENT INJUNCTION

46.     TTNA incorporates the allegations in the preceding paragraphs as though set forth fully herein.

47.     On information and belief, Defendant, unless enjoined, will continue to (a) misrepresent to or mislead, and/or contribute thereto, the public into believing that its services are sponsored by, approved by, affiliated with, associated with, or originated by TTNA and (b) infringe TTNA's BABY DOLLS MARKS by using the same marks or confusingly similar

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

variations thereof to identify Defendant's competing services.  All of these acts violate the Lanham Act.

48.     These actions entitle TTNA to a preliminary and, upon hearing, permanent injunction enjoining Defendant Baby Dolls Cabaret Ltd, and its officers, agents, servants, employees, and attorneys, and all those acting in concert with them, from:

a.      Representing that Defendant's services are in any way sponsored by, approved by, affiliated with, associated with, or originated by TTNA;

b.      Using variants confusingly similar and/or identical to any of TTNA's BABY DOLLS MARKS, including without limitation the mark "Baby Dolls," or any confusingly similar variation thereof or any of the BABY DOLLS MARKS, alone or in combination with other words, as a trademark, service mark, or otherwise, to market, advertise, or identify Defendant's services or for any other purpose;

c.      Representing themselves, or any of their officers, agents, servants, employees, and/or all other persons acting in concert with them, as representatives of TTNA;

d.      Representing to third parties that their activities, or the activities of their officers, agents, servants, employees, and/or all other persons acting in concert with them, are affiliated with, or endorsed by TTNA; and

e.      Otherwise competing unfairly with TTNA or injuring its business reputation in any manner.

49.     For these actions, there is no adequate remedy at law.  Further, TTNA is substantially likely to prevail on the merits of these claims. The injury to TTNA greatly outweighs any injury to Defendant that the requested injunction may cause. The balance of

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

17

hardships tips strongly in favor of TTNA.  Finally, the injunction will not disserve the public

interest.  Therefore, TTNA is entitled to the above preliminary and permanent injunctive relief

against Defendant.

## JURY DEMAND

50.     Plaintiff TTNA hereby demands a jury trial.

## PRAYER

WHEREFORE, TTNA, Inc. (TTNA) respectfully requests the following:

1.      That this Court, pursuant to its authority under 15 U.S.C. §1116, issue a

preliminary and permanent injunction enjoining Defendant and its officers, agents, servants,

employees, and attorneys and all those persons in active concert or participation with Defendant

from the acts described in paragraph 48 of this Complaint;

2.      That this Court order Defendant to provide an accounting of all sales, revenues,

and profits related to Defendant's services that infringe TTNA's marks and that were falsely

designated as being sponsored by, approved by, affiliated with, or associated with TTNA;

3.      That this Court, in accordance with 15 U.S.C. § 1118, order that all labels, signs,

prints, packages, wrappers, receptacles, advertisements, and all other materials (a) in the

Defendant's possession or control and (b) bearing the "BABY DOLLS" mark, any of the BABY

DOLLS MARKS, or any confusingly similar mark, be delivered up and destroyed;

4.      That this Court, in accordance with the Lanham Act, award TTNA all of

Defendant's profits from the aforesaid acts of unjust enrichment, trademark infringement, and

unfair competition;

5.      That this Court award to TTNA the maximum damages allowable under the

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Lanham Act, 15 U.S.C. §1051 et seq., including but not limited to treble damages;

6.      That this Court, in accordance with the Lanham Act, find this case to be exceptional in TTNA's favor and award TTNA its reasonable attorney's fees, costs, and expenses of this action;

7.      That this Court, award TTNA pre-judgment and post-judgment interest at the maximum allowable interest rate;

8.      That this Court award TTNA, as an equitable remedy, the costs and expenses reasonably necessary for TTNA to undertake a corrective advertising campaign to market and promote its nightclub and entertainment services and to re-establish to the public, particularly consumers of nightclub and entertainment services, that the service mark "BABY DOLLS" and all of the BABY DOLLS MARKS are exclusively associated with TTNA and not the Defendant; and

9.      That this Court award TTNA such other and further relief, both general and special, at law or in equity, to which TTNA shows itself to be justly entitled and which this Court deems just, equitable and proper.

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Dated:  February 3, 2016

Respectfully submitted,


s/   *Theodore G. Baroody*
**Theodore G. Baroody**
Texas Bar No. 01797550
**CARSTENS & CAHOON, LLP**
13760 Noel Road, Suite 900
Dallas, Texas 75240
Phone: (972) 367-2001
Fax: (972) 367-2002
Email: baroody@cclaw.com
Email:  carstens@cclaw.com

**ATTORNEYS FOR PLAINTIFF TTNA, INC.**

**COMPLAINT FOR TRADEMARK INFRINGEMENT**